Mary L. SHEARD, Individually and on behalf of all others similarly situated, Plaintiff,

v.

The DEPARTMENT OF SOCIAL WELFARE; the State Board of Social Welfare; All of the State of Iowa and Charles Wallin, Director, Black Hawk County Department of Social Welfare, an Agency of the State Department of Social Welfare of the State of Iowa, Defendants.

Civ. No. 67-C-521-EC.

United States District Court,
N. D. Iowa, E. D.
May 13, 1969.

Robert C. Oberbillig and Barton L. Schwieger, Waterloo, Iowa, for plaintiff.

Lorna L. Williams, Des Moines, Iowa, for defendants Department of Social

Welfare, State Board of Social Welfare, and All of State of Iowa.

Roger F. Peterson, Black Hawk County Atty., Wateroo, Iowa, for defendant Charles Wallin, Director, etc.

## FINDINGS OF FACT
## CONCLUSIONS OF LAW
## and
## ORDER

Before VAN OOSTERHOUT, Chief Circuit Judge, and HANSON and Mc-MANUS, District Judges.

McMANUS, District Judge.

In this action before a three-judge court, plaintiff individually and on behalf of all others similarly situated seeks to have declared unconstitutional the Iowa residency-domicile requirement for Old-Age Assistance, § 249.6(4) Code of Iowa 1966, and to have defendants enjoined from enforcing this provision. In addition, plaintiff in her amended complaint seeks to receive from the Iowa Department of Social Welfare monetary damages equal to the amount of money plaintiff would have been entitled to receive but for the residency-domicile requirement. This action is brought pursuant to 28 U.S.C. § 1343 and plaintiff is a representative of a properly constituted class, F.R.C.P. 23.

## FINDINGS OF FACT

1. Since May 1, 1966 plaintiff Mary L. Sheard has resided in the State of Iowa.

2. Prior to May 1, 1967 she received Old-Age Assistance from the State of Mississippi which was terminated on said date.

3. As of July 10, 1967 and at all times material thereafter she met all eligibility requirements for Old-Age Assistance under § 249.6 Code of Iowa 1966 except subsections (4)[1], (7) and (8) thereof.

## ISSUE

Does § 249.6(4) Code of Iowa 1966 violate the Constitution of the United States?

## CONCLUSIONS OF LAW

Section 249.6(4) Code of Iowa 1966 violates the equal protection clause, § 1 of the 14th Amendment to the Constitution of the United States and the constitutional right to travel from one state to another. Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (April 21, 1969.)

It is therefore

Ordered, adjudged and decreed

1. Section 249.6(4) Code of Iowa 1966 denies to plaintiff Mary L. Sheard and others similarly situated the equal protection of the laws and the right to travel from one state to another as guaranteed by the Constitution of the United States and is invalid.

2. The defendant Iowa Department of Social Welfare, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with them are permanently restrained from enforcing and executing § 249.6(4) of the Code of Iowa 1966 and from refusing to grant Old-Age Assistance to the plaintiff Mary L. Sheard and others similarly situated because of said provision.

---

1. § 249.6 *To whom granted.* Old-age assistance may be granted and paid only to a person who:

   \*      \*      ∗      \*      \*

4. Has a domicile in this state and has had such domicile continuously for at least nine years immediately preceding the date of application, but such domicile shall not be deemed continuous if interrupted by periods of absence totaling more than four years, except as otherwise provided elsewhere in this chapter; or has had at least five years residence in the state during the nine years immediately preceding the date of application, one of said five years having been continuous and immediately preceding such date. Furthermore, absence from the state in the service of the state or the United States shall not be deemed to have interrupted such continuous residence, if domicile has not been acquired outside the state.

   ∗      \*      \*      \*      \*

3. Jurisdiction of this cause is retained on condition that the Iowa Department of Social Welfare promptly process plaintiff Mary L. Sheard's pending application for Old-Age Assistance.